**LAW OFFICE OF JERRY L. STEERING**
Jerry L. Steering, Esq. (SBN 122509)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
Email: jerry@steeringlaw.com; jerrysteering@yahoo.com

**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN. 277669)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for Plaintiff ERIKA MERRIMAN, MARIE MERRIMAN, and
JESSICA SANCHEZ as guardian ad litem for Minors J.M. and A.M.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA MERRIMAN, MARIE MERRIMAN, and JESSICA SANCHEZ as guardian ad litem for Minors J.M. and A.M,, | Case No.: |
| | **COMPLAINT FOR DAMAGES FOR:** |
|     Plaintiffs, | |
|     vs. | 1. Unreasonable Search and Seizure – Excessive Force (via 42 U.S.C. § 1983 and via Cal. Civ. Proc. Code § 377.30) |
| CITY OF SAN BERNARDINO; and DOES 1 through 10, inclusive, | |
|     Defendants. | 2. Due Process – Interference with Familial Relationship (via 42 U.S.C. 42 § 1983) |
| | 3. Due Process – Deprivation of Life Without Due Process (Hedonic Damages Claim via 42 |

U.S.C. 42 § 1983 and via Cal. Civ. Proc. Code § 377.30)

4. Municipal Liability – Inadequate Training (42 U.S.C. 42 § 1983 and via Cal. Civ. Proc. Code § 377.30)

5. Municipal Liability – Unconstitutional Custom, Practice or Policy (42 U.S.C. 42 § 1983 and via Cal. Civ. Proc. Code § 377.30)

6. Wrongful Death (under California State Law via Cal. Civ. Proc. Code § 377.60)

7. Battery (under California State Law via Cal. Civ. Proc. Code § 377.30)

8. Violation of Cal. Civil Code § 52.1 (under California State Law via Cal. Civ. Proc. Code § 377.30)

9.  Negligence (under California State Law via Cal. Civ. Proc. Code § 377.30)

**JURY TRIAL DEMANDED**

COMPLAINT FOR DAMAGES

**COME NOW** Plaintiffs ERIKA MERRIMAN, MARIE MERRIMAN, and JESSICA SANCHEZ as guardian ad litem for Minors J.M. and A.M. and show this Honorable Court the following:

## JURISDICTIONAL ALLEGATIONS

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the County of San Bernardino, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.      As plaintiffs' claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the plaintiffs' federal question claims, this court has jurisdiction over the plaintiffs' California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*. 383 U.S. 715 (1966).

4.      Plaintiffs complied with the California Torts Claim Act.

## GENERAL ALLEGATIONS

5.   Jessica Sanchez, is a natural person, who, at all times complained of in this action, resided in the County of San Bernardino, State of California. Jessica Sanchez appears in this action as the guardian ad litem for plaintiffs J.M.

and A.M. Jessica Sanchez is the natural and legal mother of Plaintiffs J.M. and A.M.

6.  Plaintiff J.M., is a natural person, who, at all times complained of in this action, resided in the County of San Bernardino, State of California. Plaintiff J.M. appears via guardian ad litem and mother, Jessica Sanchez. Decedent Warren Marriman was the legal and natural father of Plaintiff J.M. Plaintiff J.M. brings this action as an individual and as an heir of Decedent Warren Merriman, and also as successor in interest to Warren Merriman pursuant to Cal. Civ. Proc. Code § 377.30. J.M seeks both survival and wrongful death damages under federal[1] and state law.

7.  Plaintiff A.M., is a natural person, who, at all times complained of in this action, resided in the County of San Bernardino, State of California. Plaintiff A.M. appears via guardian ad litem and mother, Jessica Sanchez. Decedent Warren Marriman was the legal and natural father of Plaintiff A.M. Plaintiff A.M. brings this action as an individual and as an heir of Decedent Warren Merriman, and also as successor in interest to Warren Merriman pursuant to Cal. Civ. Proc. Code § 377.30. A.M seeks both survival and wrongful death damages under federal[2] and state law.

---

[1] Including Hedonic Damages.
[2] Including Hedonic Damages.

COMPLAINT FOR DAMAGES

4

8.    Plaintiff Erika Merriman, hereinafter referred to as "ERIKA" or "Plaintiff ERIKA", is a natural person, who was the legal and natural daughter of Decedent Warren Merriman. ERIKA sues in her individual capacity as the daughter and heir of Decedent Warren Merriman, and also as successor in interest to Decedent Warren Merriman pursuant to Cal. Civ. Proc. Code § 377.30. ERIKA seeks both survival and wrongful death damages under federal[3] and state law.

9.  Plaintiff Marie Merriman, hereinafter referred to as "MARIE" or "Plaintiff MARIE", is a natural person, who was the legal and natural daughter of Decedent Warren Merriman. MARIE sues in her individual capacity as the daughter and heir of Decedent Warren Merriman, and also as successor in interest to Decedent Warren Merriman pursuant to Cal. Civ. Proc. Code § 377.30. MARIE seeks both survival and wrongful death damages under federal[4] and state law.

10. Warren Merriman, hereinafter referred to as "MERRIMAN" or "DECEDENT MERRIMAN", died intestate on December 28, 2022, as a direct and proximate result of the conduct of the defendants complained of in this action, which took place on December 28, 2022.

11. Defendant City of San Bernardino, hereinafter also referred to as

---

[3] Including Hedonic Damages.
[4] Including Hedonic Damages.

"CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this Honorable Court.

12.    Defendants DOES 1 through 6, inclusive, are police officers and/or investigators and/or Special Officers, Supervisors (i.e. Corporals, Sergeants, Lieutenants, Captains)  and/or some other kind of California Peace Officer, and/or dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the San Bernardino Police Department or by some other law enforcement agency or other municipal / public entity, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiffs, who will amend their complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiffs.

13.    At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as police officers and/or investigators and/or Special Officers, Supervisors (i.e. Corporals, Sergeants, Lieutenants, Captains) and/or some other kind of California Peace Officer, and/or dispatchers and/or some other public

officer, public official or employee of defendant CITY[5] and/or otherwise employed by the San Bernardino Police  Department, or some other law enforcement agency / public entity, and were acting in the course of and within the scope of their employment with defendant CITY, or some other municipal / public entity.

     14.    Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by San Bernardino Police Department and/or defendant CITY[6], or some other law enforcement agency and/or municipality, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiffs in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, and failure to discipline police officers for using unreasonable / excessive and deadly force upon civilians, and approving such actions of subordinate peace officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the San Bernardino Police Department for, *inter alia*,: 1) using excessive force on

_____

[5] or some other law enforcement agency and public entity.
[6] or some other law enforcement agency and public entity.

persons, including deadly force; 2) fabricating evidence; and 3) covering up tortious conduct by San Bernardino Police Department peace officers.

15.    At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chiefs and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy-making and/or final policy-making officials with the San Bernardino Police Department[7], and/or some other public official(s) with defendant CITY[8], and were acting in the course of and within the scope of their employment with defendant CITY[9].

16.    At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or police officers and/or Supervisory peace officers (as described herein, above and below), and/or policy-making peace officers / high ranking officials, with the San Bernardino Police Department[10] and/or otherwise with defendant CITY[11].

---

[7] or some other law enforcement agency and public entity.
[8] or some other law enforcement agency and public entity.
[9] or some other law enforcement agency and public entity.
[10] or some other law enforcement agency and public entity.
[11] Such as a CITY executive officer.

COMPLAINT FOR DAMAGES

8

17.    Plaintiffs are presently unaware of the identities of DOES 1 through 10, inclusive, and will amend their complaint to add and to show the actual names of said DOE defendants when made known to plaintiffs.

18.    In addition to the above and foregoing, defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiffs and MERRIMAN of their federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of above and below in this action.

19.    Defendants DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiffs of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

20.    Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

/ / /

/ / /

/ / /

# FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### EXCESSIVE/UNREASONABLE USE OF FORCE UPON PERSON UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION
#### (By Plaintiffs as Successors-In-Interest, Against DOES 1 through 6, inclusive)

21.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 20 inclusive, above, as if set forth in full herein.

22.    On December 28, 2022, Decedent MERRIMAN was at his home while suffering a mental crisis.

23.    Decedent's mother called the police because she feared for her son's safety who was showing obvious signs of suffering from a mental crisis.

24.    Defendants San Bernardino Police Department Officers DOES 1 through 6, inclusive, responded to the call for service and arrived at Decedent's home in San Bernardino, California.

25.    When DOES 1 through 6, inclusive, confronted MERRIMAN, he was holding a knife in front of him, near his chest.

26.    MERRIMAN was several yards away from DOES 1 through 6, inclusive, when he turned around with his back to DOES 1 through 6, inclusive.

27.    When MERRIMAN turned his back to the officers, Defendants DOES 1 through 6, inclusive, shot and killed MERRIMAN.

28.    The actions of defendants DOES 1 through 6, inclusive, as complained above herein, constituted a violation of MERRIMAN's rights under

COMPLAINT FOR DAMAGES

the Fourth Amendment to the United States Constitution to be free from the use of unlawful, unreasonable and excessive force upon his person.

29.     Plaintiffs brings this claim as the successors-in-interest to MERRIMAN, and seek survival damages pursuant to Cal. Civ. Proc. Code § 377.30, including physical and mental pre-death pain and suffering, MERRIMAN's loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of MERRIMAN's rights. MERRIMAN incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $15,000,000.00 for each plaintiff.

30.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of MERRIMAN's constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants and each of them, save for defendant CITY, in an amount to be proven at trial which is in excess of $5,000,000.00.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**LOSS OF FAMILIAL RELATIONSHIP WITHOUT DUE PROCESS OF THE LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
**(By Plaintiffs individually, Against Defendants DOES 1 through 6, inclusive)**

31.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 30, inclusive, above, as if set forth in full herein.

COMPLAINT FOR DAMAGES

32.     The unlawful killing of plaintiffs' deceased, MERRIMAN, by DOES 1 through 6, inclusive described above, deprived plaintiffs of their Familial Relationship with their father, guaranteed to them under the Fourteenth Amendment to the United States Constitution

33.     The use of unreasonable deadly force upon MERRIMAN that resulted in the unlawful killing of him by DOES 1 through 6, inclusive was done intentionally, was done in a manner that constituted the use of unreasonable force in a manner that constituted deliberate indifference to and a reckless disregard of MERRIMAN's life, and to plaintiffs' Familial Relationships with him, and constituted outrageous behavior that is shocking to the conscience.

34.     DOES 1 through 6, inclusive's killing of MERRIMAN was essentially a summary execution of MERRIMAN.

35.     The unlawful killing of MERRIMAN, by DOES 1 through 6, inclusive, above-referenced, also caused plaintiffs to suffer the loss of MERRIMAN's society, solace, comfort and companionship, as well as caused them to suffer great mental, emotional and distress, pain and suffering, in an amount to be shown at trial in excess of $15,000,000 for each plaintiff.

36.     The unlawful killing of MERRIMAN by DOES 1 through 6, inclusive, above-referenced, was done maliciously and in reckless disregard of plaintiffs' constitutional rights, sufficient for an award of punitive damages against

said defendants (save CITY); all in an amount to be shown at trial, in excess of $5,000,000.

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### DEPRIVATION OF LIFE WITHOUT DUE PROCESS OF LAW[12] UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION[13]
### (By Plaintiffs as Successors-in-Interest, Against DOES 1 through 6, inclusive)

37.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 36 inclusive, above, as if set forth in full herein.

38.     As shown above, MERRIMAN was the victim of excessive force and was unlawfully and unjustifiably shot to death, with malice, by DOES 1 through 6, inclusive.

39.     The unlawful killing of MERRIMAN was done without due process of the laws of the United States of America and the State of California, in violation of MERRIMAN'S rights under the Fourteenth Amendment to the United States Constitution; of MERRIMAN's right not to be deprived of his life without due process of law.

40.     The actions of Defendants DOES 1 through 6, inclusive, as complained above herein, also constituted a violation of MERRIMAN's rights

---

[12] Hedonic Damages claim, also pursuant to Cal. Civ. Proc. Code § 377.30.
[13] And as otherwise provided for under the United States Constitution as those other rights retained by the People (U.S. Const. Amend. 9)

COMPLAINT FOR DAMAGES

under the Fourth Amendment to the United States Constitution to be free from the use of unlawful, unreasonable and excessive force upon his person; deadly force that resulted in his MERRIMAN's death.

41.    Plaintiffs bring this claim as successors-in-interest to MERRIMAN, and seek hedonic damages, including physical and mental pre-death pain and suffering, the loss of MERRIMAN's life, MERRIMAN's loss of the enjoyment of MERRIMAN's life and of his relationships with his family, with his friends, with his lovers, and otherwise of life's pleasures that MERRIMAN would have enjoyed had he not been killed by DOES 1 through 6, inclusive. MERRIMAN also incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $15,000,000.00.

42.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of MERRIMAN's constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants and each of them, save for defendant CITY, in an amount to be proven at trial which is in excess of $5,000,000.00.

## FOURTH CLAIM CAUSE OF ACTION
### (42 U.S.C. § 1983)
### Municipal Liability —Failure to Train
### (By Plaintiffs individually and as Successors-in-Interest, Against Defendants CITY and DOES 7-10)

43.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42, inclusive, above, as if set forth in full herein.

44. Defendants DOES 1 through 6, inclusive, acted under the color of law.

45. The acts of defendants DOES 1 through 6, inclusive, deprived MERRIMAN and plaintiffs of their particular rights under the United States Constitution, as alleged above.

46. The training policies of CITY were not adequate to train its peace officers to handle the usual and recurring situations with which they must deal.

47. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately; to wit; the failure to properly train its police officers that they cannot use deadly force on civilians when they do not pose an imminent threat of death or serious bodily to the officers or to another.

48. The failure of CITY to provide adequate training caused the deprivation of MERRIMAN's and plaintiffs' rights by DOES 1 through 6, inclusive. That is, the defendants' failure to train is so closely related to the deprivation of MERRIMAN's and plaintiffs' rights as to be the moving force that caused the ultimate injury; the shooting of MERRIMAN's death.

49. By reason of the aforementioned acts and omissions, plaintiffs and MERRIMAN have suffered loss of love, companionship, comfort, care, society, training, guidance, and past and future support. The aforementioned acts and omissions also cause MERRIMAN's pain and suffering, loss of enjoyment of life and death.

COMPLAINT FOR DAMAGES

15

50. Accordingly, Defendant CITY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

51.     Plaintiffs brings this claim as successor-in-interest to MERRIMAN, and seeks survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of MERRIMAN's rights. MERRIMAN incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $15,000,000.00.

### FIFTH CLAIM CAUSE OF ACTION
**(42 U.S.C. § 1983)**
**Municipal Liability —Unconstitutional Custom, Practice and/or Policy**
**(By Plaintiffs individually and as Successors-in-Interest, Against Defendants CITY and DOES 7-10)**

52. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 51, inclusive, above, as if set forth in full herein.

53. Defendants DOES 1 through 6, inclusive, acted under the color of law.

54. The acts of Defendants DOES 1 through 6, inclusive, deprived MERRIMAN and Plaintiffs of their particular rights under the United States Constitution.

55. Defendants DOES 1 through 6, inclusive, acted pursuant to an expressly adopted official policy or a longstanding practice or custom of CITY, to wit; to use excessive force, including deadly force, in situations that the use of use excessive force, including deadly force are unreasonable, excessive and unconstitutional.

COMPLAINT FOR DAMAGES
16

56. On information and belief, defendants DOES 1 through 6, inclusive, were not disciplined, reprimanded, suspended or otherwise penalized in connection with MERRIMAN's death., and was found to be within the policies for the use of force of the San Bernardino Police Department.

57. Defendant CITY together with other CITY policymakers and supervisors, maintained, *inter alia*, the following unconstitutional customs, practices and policies:

(a) Using excessive force, including excessive deadly force;

(b) Providing inadequate training regarding the use of deadly force;

(c) Employing and retaining as peace officers individuals such as DOES 1 through 6, inclusive, who defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force and unlawfully seizing persons;

(d) Inadequately supervising, training, controlling, assigning, and disciplining CITY peace officers, and other personnel, including DOES 1 through 6, inclusive, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e) Failing to adequately discipline CITY peace officers, including defendants DOES 1 through 6, inclusive, for the above-referenced categories of misconduct, including "slaps on the wrist" discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(f)  Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(g)  Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(h)  Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which peace officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;

(i)  Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecutions who participate in shootings of unarmed people.

58. By reason of the aforementioned acts and omissions, plaintiffs and MERRIMAN suffered loss of love, companionship, comfort, care, society, training, guidance, and past and future support. The aforementioned acts and omissions also caused MERRIMAN's pain and suffering, loss of enjoyment of life, and death.

59.    Defendant CITY, together with various other CITY officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with

deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs, MERRIMAN and other individuals similarly situated.

60.  By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, CITY acted with intentional, reckless, and callous disregard for the life of MERRIMAN, and for MERRIMAN's and plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by defendants CITY and DOES 7 through 10, inclusive, were affirmatively linked to and were a significantly influential force behind the injuries of MERRIMAN's and plaintiffs'.

61.  Accordingly, defendants CITY and DOES 7 through 10, inclusive, are liable to plaintiffs for compensatory damages under 42 U.S.C. § 1983.

62.  Plaintiffs bring this claim as successor-in-interest to MERRIMAN, and seeks survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of MERRIMAN's rights. MERRIMAN incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $15,000,000.00.

/ / /

/ / /

COMPLAINT FOR DAMAGES

### SIXTH CAUSE OF ACTION
**WRONGFUL DEATH**
**Under California State Law – Cal. Civ. Proc. Code § 377.60**
**(By Plaintiffs Individually Against all Defendants)**

63. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 62, inclusive, above, as if set forth in full herein.

64. Defendants DOES 1 through 6, inclusive, while working as police officers for defendant CITY, and while acting in the course of and with the scope of their employment, intentionally shot MERRIMAN multiple times and used unreasonable and excessive deadly force against him when doing so.

65. No reasonably well-trained peace officer / police officer would have believed, that in and under the circumstances in which defendants DOES 1 through 6, inclusive, engaged and encountered MERRIMAN that MERRIMAN posed a threat of imminent serious injury or death to any of the defendant police officers, or to anyone else.

66.  Notwithstanding the obvious unreasonableness of shooting MERRIMAN, and notwithstanding defendants DOES 1 through 6, inclusive, having no reason to believe that MERRIMAN posed a threat of imminent serious injury or death to any of the defendant police officers, or to anyone else, DOES 1 through 6, inclusive proceeded to shoot MERRIMAN to death.

67.  As a result of the actions of DOES 1 through 6, inclusive, MERRIMAN suffered severe physical, mental and emotional pain and suffering, loss of enjoyment of life, and ultimately his death.

68.  At an absolute minimum, DOES 1 through 6, inclusive's shooting of MERRIMAN constituted negligence and gross negligence, as they owed MERRIMAN and his heirs a duty of due care in seizing and arresting him, in violation of Cal. Civil Code § 1714, and otherwise in violation of Cal. Civil Proc. Code § 377.60.

69.  Alternatively, DOES 1 through 6, inclusive's shooting of MERRIMAN constituted the intentional and knowingly wrongful, unlawful, unconstitutional[14], unjustified, and malicious shooting and killing of MERRIMAN; in violation of Cal. Civil Proc. Code § 377.60.

70.  As a direct and proximate result of the conduct of DOES 1 through 6, inclusive, as alleged above, MERRIMAN sustained injuries and died from his injuries.

71.  As a direct and proximate result of the conduct of DOES 1 through 6, inclusive as alleged above,

_____

[14] Under both the California Constitution and the United States Constitution.

COMPLAINT FOR DAMAGES

21

72.    Defendants DOES 1 through 6, inclusive, are liable to plaintiffs for the Wrongful Death of MERRIMAN pursuant to Cal. Civil Code § 1714, Cal. Civil Proc. Code § 377.60 and Cal. Gov't Code §§ 815.2 and 820.

73.    In addition, CITY is vicariously liable to plaintiffs for the wrongful acts of DOES 1 through 6, inclusive, pursuant to Cal. Civil Code § 1714, Cal. Civil Proc. Code § 377.60 and Cal. Gov't Code §§ 815.2 and 820.

74.    Also as a direct and proximate result of defendants' conduct as alleged above, plaintiffs suffered the loss of their parent – child relationship, and the life-long love, companionship, comfort, support, society, care and sustenance of MERRIMAN, and will continue to be so deprived for the remainder of their natural life.

75.    In addition, to the extent that the actions of defendants DOES 1 through 6, inclusive, intentional and knowingly wrongful, unlawful, unconstitutional[15], unjustified, and malicious and oppressive, plaintiffs are entitled to an award of punitive damages against defendants, save defendant CITY, in the amount of $5,000,000.00.

/ / /

/ / /

_____

[15] Under both the California Constitution and the United States Constitution.

# SEVENTH CAUSE OF ACTION
## BATTERY
## Under California State Law
### (By Plaintiffs as Successors-in-Interest, Against all Defendants)

76.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 75, inclusive, above, as if set forth in full herein.

77.    The actions committed by defendants DOES 1 through 6, inclusive's above-described, constituted unjustified non-consensual use of unlawful force and violence upon MERRIMAN, and constituted a battery of him by defendants DOES 1 through 6, inclusive under California state law.

78.    Defendants CITY and DOES 1 through 6,  and each of them, are liable to the plaintiffs for said battery of MERRIMAN, pursuant to Cal. Government Code §§ 815.2(a), 820 and otherwise pursuant to the common law.

79.    As a direct and proximate result of the actions of defendants DOES 1 through 6,  inclusive, CITY and DOES 1 through 6, inclusive, MERRIMAN was: 1) substantially physically, mentally and emotionally injured and shot to death, 2) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $15,000.000.00.

80.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff MERRIMAN's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant CITY, in an amount to

be proven at trial, in excess of $5,000,000.00.

## EIGHTH CAUSE OF ACTION
### Violation of Cal. Civil Code § 52.1
### Under California State Law
### (By Plaintiffs as Successors-in-Interest, Against All Defendants)

81.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 80, inclusive, above, as if set forth in full herein.

82.    On information and belief, defendants DOES 1 through 6, inclusive while working for the CITY and acting within the course and scope of their duties, intentionally committed acts of unreasonable and excessive force and violence against MERRIMAN; excessive force that would also be violative of that force proscribed by the Fourth Amendment to the United States Constitution, by shooting him without justification or excuse, by integrally participating and failing to intervene in the above violence.

83.    Defendants DOES 1 through 6, inclusive, interfered with MERRIMAN's civil rights to be free from unreasonable searches and seizures to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

84.    On information and belief, Defendants intentionally and spitefully committed the above acts to discourage MERRIMAN from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which they were fully entitled to enjoy.

85.   On information and belief, MERRIMAN reasonably believed and understood that the violent acts committed by defendants DOES 1 through 6, inclusive were intended to discourage him from exercising the above civil rights, to retaliate against him, or invoking such rights, or to prevent him from exercising such rights.

86.   Plaintiffs bring this claim as successor-in-interest to MERRIMAN, and seek survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of MERRIMAN's rights. MERRIMAN incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $15,000,000.00.

87.   The actions by said defendants were committed maliciously, oppressively and in reckless disregard of MERRIMAN's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $5,000,000.00.

88.   In addition, as a result of the actions of defendants DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiffs are entitled to an award of treble compensatory damages against said defendants, and each of them, in the amount of $15,000,000.00.

## NINTH CAUSE OF ACTION
### Negligence
### Under California State Law
### (By Plaintiffs as Successors-in-Interest, Against All Defendants)

89.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 88, inclusive, above, as if set forth in full herein.

90.     Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

91.     Defendants breached this duty of care; a duty of care codified as Cal. Civil Code § 1714. Upon information and belief, the actions and inactions of defendants were negligent and reckless, including but not limited to:

> (a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against MERRIMAN;
> (b) the negligent tactics and handling of the situation with MERRIMAN, including pre-shooting negligence;
> (c) the negligent detention, arrest, and use of force, including deadly force, against MERRIMAN;
> (e) the failure to properly train and supervise employees, both professional and non-professional, including DOES 1 through 6, inclusive;
> (f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of MERRIMAN;
> (g) the negligent handling of evidence and witnesses; and
> (h) the negligent communication of information during the incident.

92. As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, MERRIMAN was caused to suffer severe pain and suffering and ultimately died. Also as a direct and proximate result of the defendants' conduct as alleged above, MERRIMAN suffered severe physically injury emotional distress and mental anguish, as well as ultimately MERRIMAN's death.

93. CITY is vicariously liable for the wrongful acts of Defendants DOES 1 through 6, inclusive, pursuant to Cal. Gov't Code §§ 815.2(a) and 820, and Cal. Civil Code § 1714.

94. MERRIMAN incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $15,000,000.00.

**WHEREFORE**, plaintiffs prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $15,000,000.00;

b) For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $5,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

_\_\_/s/\_ Gregory Peacock_____

GREGORY PEACOCK, ATTORNEY FOR
PLAINTIFFS

_\_\_/s/ Jerry L. Steering_____

JERRY L. STEERING, ATTORNEY FOR
PLAINTIFFS

COMPLAINT FOR DAMAGES

28